UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
at KNOXVILLE

| | | | |
|---|---|---|---|
| STEPHAN VONNER, | ) | | |
| | ) | | |
| Petitioner, | ) | | |
| | ) | | |
| v. | ) | No.: | 3:05-cv-500 |
| | ) | | 3:03-cr-098 |
| UNITED STATES OF AMERICA, | ) | | (VARLAN/SHIRLEY) |
| | ) | | |
| Respondent. | ) | | |

**MEMORANDUM**

This is a motion to vacate, set aside or correct sentence pursuant to 28 U.S.C. § 2255 filed by petitioner Stephan Vonner ("Vonner"). For the following reasons, the § 2255 motion will be **DENIED** and this action will be **DISMISSED**.

I. Standard of Review

This court must vacate and set aside Vonner's conviction upon a finding that "there has been such a denial or infringement of the constitutional rights of the prisoner as to render the judgment vulnerable to collateral attack." 28 U.S.C. § 2255. To prevail under § 2255, Vonner "must show a 'fundamental defect which inherently results in a complete miscarriage of justice,' or, an error so egregious that it amounts to a violation of due process." *United States v. Ferguson*, 918 F.2d 627, 630 (6th Cir. 1990) (quoting *Hill v. United States*, 368 U.S. 424, 428 (1968)).

If it plainly appears from the face of the motion, the annexed exhibits and the prior proceedings in the case that Vonner is not entitled to relief in this court, the action should be

summarily dismissed; an evidentiary hearing is not required. Rule 4 of the RULES GOVERNING SECTION 2255 PROCEEDINGS FOR THE UNITED STATES DISTRICT COURTS; *Baker v. United States*, 781 F.2d 85, 92 (6th Cir. 1986); *Bryan v. United States*, 721 F.2d 572, 577 (6th Cir. 1983).

II. Factual Background

Vonner pleaded guilty, pursuant to 21 U.S.C. § 846, to conspiracy to distribute and to possess with intent to distribute 50 grams or more of cocaine base, in violation of 21 U.S.C. §§ 841(a)(1) & (b)(1)(A). By judgment entered October 25, 2004, he was sentenced to a term of imprisonment of 240 months. Vonner now alleges that the use of the sentencing guidelines in his case is contrary to the ruling of the Supreme Court in *United States v. Booker*, 125 S. Ct. 738 (2005). Vonner also alleges his attorney rendered ineffective assistance of counsel by not raising the issue at sentencing, based upon the Supreme Court decision in *Blakely v. Washington*, 542 U.S. 296 (2004).

III. Discussion

*United States v. Booker* was decided January 12, 2005, over two months after Vonner was sentenced. In *Booker*, the Court noted that its holding should be applied "to all cases on direct review." 125 S. Ct. at 769. The Court did not state that the holding should be applied retroactively on collateral review of cases in which the judgment has become final. In fact, the Court quoted *Griffith v. Kentucky*, 479 U.S. 314, 328 (1987), for the proposition that "'a new rule for the conduct of criminal prosecutions is to be applied retroactively to all cases

2

... pending on direct review or not yet final, with no exception for cases in which the new rule constitutes a "clear break" with the past.'" *Id*.

The Sixth Circuit has held that *Booker* "does not apply retroactively in collateral proceedings." *Humphress v. United States*, 398 F.3d 855, 860 (6th Cir. 2005), *cert. denied*, No. 05-5130, 74 U.S.L.W. 3207, 2005 WL 1671557 (October 3, 2005). Accordingly, *Booker* does not afford Vonner any relief.

Vonner claims his attorney should have raised the issue of the sentencing guidelines at sentencing, based upon the Supreme Court decision in *Blakely v. Washington*, 542 U.S. 296 (2004). *Blakely* was decided on June 24, 2004, some four months prior to Vonner's sentencing. In *Blakely*, however, the Supreme Court specifically noted that "[t]he Federal Guidelines are not before us, and we express no opinion on them." 542 U.S. at ___, 124 S. Ct. at 2538 n.9 (2004).

On August 26, 2004, prior to Vonner's sentencing, the Sixth Circuit released its opinion in *United States v. Koch*, 383 F.3d 436 (6th Cir. 2004) (en banc), *overruled by United States v. Booker*, 125 S. Ct. 738 (2005). In *Koch*, the Sixth Circuit sought to give the federal district court judges guidance in light of the *Blakely* decision. In doing so, the Sixth Circuit determined "that *Blakely* does not compel the conclusion that the Federal Sentencing Guidelines violate the Sixth Amendment." 383 F.3d at 438. Thus, based upon *Koch*, there was no reason for Vonner's attorney to challenge the validity of the sentencing guidelines.

Moreover, "[t]he failure to anticipate a change in the law will not generally constitute ineffective assistance of counsel." *Brunson v. Higgins*, 708 F.2d 1353, 1356 (8th Cir. 1983)

3

(citations omitted). "'Only in a rare case' will a court find ineffective assistance of counsel based upon a trial attorney's failure to make an objection that would have been overruled under the then-prevailing law." *Lucas v. O'Dea*, 179 F.3d 412, 420 (6th Cir. 1999). This is not such a case; there was no reason for Vonner's attorney to anticipate that the sentencing guidelines would be invalidated. As the Sixth Circuit observed in *Koch*,

> Since 1987, when the Sentencing Guidelines were promulgated, the Supreme Court has considered numerous constitutional challenges to them, not one of which suggested their eventual demise and at least one of which gave the back of the hand to the kind of challenge raised here. To our knowledge, not one Justice has opined that the sentencing-enhancement provisions of the Guidelines violate the Sixth Amendment.

383 F.3d at 439.

IV. Conclusion

Vonner is not entitled to relief under § 2255 and his motion to vacate, set aside or correct sentence will be **DENIED**. This action will be **DISMISSED**. The court **CERTIFIES** that any appeal from this action would not be taken in good faith and would be totally frivolous. A certificate of appealability **SHALL NOT ISSUE**. 28 U.S.C. § 2253.

**AN APPROPRIATE ORDER WILL ENTER.**

s/ Thomas A. Varlan
UNITED STATES DISTRICT JUDGE